**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CONSUMERS ENERGY COMPANY,

Plaintiff,

Case No. 02-1894-C
(Chief Judge Damich)

v

UNITED STATES OF AMERICA,

Defendant.
______________________________________/

**REPORT OF PLAINTIFF CONSUMERS ENERGY COMPANY REGARDING DISCOVERY PLANS AND OBJECTIVES PURSUANT TO THE COURT'S ORDER DATED APRIL 14, 2004**

The Court's Order dated April 14, 2004, directed the parties to file a report specifying their discovery plans and objectives, and specifically addressing the following issues: (1) the nature and scope of discovery each anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance; (2) any circumstance that may affect the timing of discovery or trial; (3) if known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case); and (4) additional responses to the issues raised in Defendant's Motion to Stay or Coordinate Discovery.

**(1) The Nature and Scope of Discovery Needed to Respond to the Government's Standard Dispositive Motion on Rate of Acceptance.**

On May 21, 2003, this Court entered its Order regarding discovery in this case (the "Discovery Order"). Since entry of the Discovery Order, Plaintiff has periodically been receiving disks containing documents which the Government has represented were exchanged during discovery in the coordinated discovery process involving some of the early SNF plaintiffs. The

Government has represented that approximately 1.5 million images were exchanged in that coordinated discovery. However, to date, Plaintiff has received no where near that number of images. Those images were not indexed or sorted, and cannot be electronically searched without extensive processing. Plaintiff is presently in the process of analyzing and indexing the documents which have been provided by the Government. As a result, Plaintiff cannot currently assess the full nature and scope of discovery necessary to respond to the Government's Standard Dispositive Motion on the Rate of Acceptance.

At a minimum, Plaintiff expects that depositions will be required of those individuals involved in the determination of capacity for the permanent repository and the design and selection of the equipment and methods by which spent nuclear fuel is to be stored at the permanent repository. Plaintiff also anticipates that interrogatories and requests for production concerning these issues will be required.

**(2). Statement of Circumstances that May Affect the Timing of Discovery or Trial.**

Plaintiff is not aware of any unusual circumstances which may affect the timing of discovery or trial in this case. Plaintiff has requested a status conference for the purpose of authorizing discovery and setting a discovery deadline, among other matters. Plaintiff requests that the Court set a firm deadline for the Government to complete its turnover of materials exchanged in the coordinated discovery process so that Plaintiff can assess its further discovery needs and commence any additional discovery as soon as possible.

**(3). Statement of Whether Discovery, Including Depositions, Previously Provided in the Old Cases on the Same Issues, Would Suffice in the New SNF Case (if the Government Consented to its Full Use in the New Case)**

As indicated above, the Government has not yet complied with its obligation to turn over to Plaintiff all documents and depositions in the coordinated discovery cases. Assuming that the Government complies with its turn over obligations, and will stipulate to full use of the coordinated discovery in the present case, Plaintiff will not seek to duplicate that discovery. After all of the discovery documents have been received by Plaintiff, Plaintiff will be in a position to assess whether additional or different discovery is necessary in this case.

**(4). Additional Response to the Issues Raised in Defendant's Motion to Stay or Coordinate Discovery.**

The Court lifted the stay in this case on January 31, 2004. Since that time, Plaintiff has sought a status conference for purposes of enforcing the Government's obligation to turn over all discovery exchanged in the coordinated discovery cases, and to set appropriate deadlines and conditions for further discovery, if necessary. There is no further need for consolidation or coordination of discovery, and the Government's requests for this relief have been consistently rejected in this and other SNF cases. Plaintiff relies upon and incorporates by reference Plaintiff's Opposition to Defendant's Second Motion to Renew its Motion to Consolidate filed in this matter.

The Government's current Motion is its third attempt to consolidate one or more of the SNF cases. The previous two motions were denied. There has been no material change in the facts of this or any other SNF case which would dictate a different result on this third motion. In fact, if anything, recent decisions in some of the former "lead" cases may help move this case forward quickly to a damages trial.

Just prior to the Government's current attempt at consolidation, there were a series of decisions by different judges of the Court of Federal Claims which were adverse to the

Government.[1] As a result, the Government is desperately seeking any change in the procedural posture of these cases which would allow it to mitigate the effect of the prior decisions, or have these issues reheard, presumably hoping to achieve a more favorable result, or at least delay the prosecution of these cases.

As of this writing, one SNF case, Indiana Michigan Power Co. v United States, Case No. 98-486C (Hodges, J.), has gone to trial, and two others[2] are scheduled to begin trial this year. Further, the Court in the Indiana Michigan case determined on summary judgment that the acceptance rate in that case for spent nuclear fuel was 3,000 Mtu per year by 2002, in accordance with the Department of Energy's 1995 Annual Capacity Report. See Indiana Michigan Power Co. v United States, 57 Fed. Cl. 88, 99-100 (2003).

The effect of these decisions is that all the SNF cases should be primarily damage cases at this point. Each utility plaintiff's damages will be different, and the Court's analysis of the damages issue will be fact intensive and unique to each plaintiff. For example, Consumers Energy owns one decommissioned facility and one currently operating facility. All of Consumers' SNF from the decommissioned facility has been transferred to dry storage casks. Consumers' operating facility

[1]See Commonwealth Edison Co v United States, No. 98-621C, slip op (Fed. Cl. June 10, 2003) (Hewitt J.); Yankee Atomic Electric Co v United States, No. 98-126C, slip op. (Fed. Cl. June 26, 2003) (Merow, S.J.); Indiana Michigan Power Co. v United States, 57 Fed Cl. 88 (2003) (Hodges, J.). In each case, the Government's acceptance rate arguments were rejected. In Indiana Michigan, the Court adopted the acceptance rate proposed by most plaintiff utilities which required that DOE accept 400 Mtu of nuclear waste in 1998 and ramp up to 3,000 Mtu per year by 2002 and each year thereafter. Indiana Michigan Power Co. v United States, 57 Fed. Cl. 88, 99-100 (2003).

[2]Yankee Atomic Electric Company v United States, Case No. 98-126C (Senior Judge Merow) is scheduled to begin trial on July 12, 2004, and Commenwealth Edison Company v United States, Case No. 98-621C (Hewitt, J.), is scheduled to begin trial on November 30, 2004.

continues to use a combination of wet storage and dry storage and Consumers is completing a second fuel storage pad on the site of its Palisades facility. Consumers expects that the Government may seek to challenge the choices Consumers made to mitigate its damages and store its spent nuclear fuel. Consumers' facility status, storage methods and procedures are unique and the necessary proofs cannot reasonably be determined in a mass trial with other plaintiff utilities, each of which has its own unique factual situation. Even the Government acknowledges that the damages trials must be separate.

There is no logical basis on which to consolidate or coordinate this case with any other SNF case. The Government's requested relief would simply delay this case without purpose. Consumers believes that the most economical and fair method of resolving this case is to require the Government to complete its production of the coordinated discovery, set a reasonable time for completion of any further discovery, followed by dispositive motions and a damages trial. Each of the other SNF cases can move forward in the same economic and efficient manner.

## CONCLUSION

Plaintiff submits this Report in accordance with the Discovery Order dated April 14, 2004. Plaintiff respectfully requests that the Court set a Status Conference in this case for purposes of establishing discovery deadlines and other pretrial matters, followed by a trial date.

Dated: 4/23/04 Respectfully submitted,

/s/ Thomas O. Mason
Thomas O. Mason
(Attorney of Record)
Williams, Mullen, Clark & Dobbins
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200 (telephone)
(703) 748-0244 (facsimile)

Harvey J. Messing (P23309)
Jeffrey S. Theuer (P44161)
(Of Counsel)
LOOMIS, EWERT, PARSLEY, DAVIS
& GOTTING, P.C.
232 S. Capitol Avenue, Suite 1000
Lansing, MI 48933
(517) 482-2400
Attorneys for Plaintiff

OF COUNSEL:

David A. Mikelonis (P17709)
Arunas Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151