IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-1894C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

For its answer to plaintiff's complaint, and pursuant to this Court's orders dated June 25 and July 7, 2004, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1. The allegations contained in the fourth sentence of paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 2. The allegations contained in the second sentence of paragraph 2 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact,

they are denied. Admits the allegations contained in the third sentence of paragraph 2 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that, absent congressional action, it anticipates it will not be able to begin SNF disposal until at least 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the third sentence of paragraph 2 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the fourth sentence of paragraph 2 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in the first and second sentences of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 3. Denies the allegations contained in the fourth, fifth, and sixth sentences of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the seventh sentence of paragraph 3. Admits the allegations contained in the eighth sentence of paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the eighth sentence of paragraph 3.

4. Admits.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the contract and statute cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained the first sentence of paragraph 15. The allegations contained in the second sentence of paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Denies.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the final interpretation cited, which is the best evidence of its contents; defendant otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the petition for review cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; defendant otherwise denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; defendant otherwise denies the allegations contained in paragraph 24.

25. The allegation contained in paragraph 25 that the Department of Energy is "required under the contract and NWPA" to "begin to accept, transport, and dispose of SNF not later than January 31, 1998," is a conclusion of law to which no response is required; to the

extent that it is an allegation of fact, it is admitted to the extent supported by the contract and statute cited, which are the best evidence of their contents; defendant otherwise denies that the Department of Energy is "required under the contract and NWPA" to "begin to accept, transport, and dispose of SNF not later than January 31, 1998;" defendant further admits the allegation contained in paragraph 25 that the Department of Energy did not begin to accept, transport, or dispose of commercial nuclear utilities' spent nuclear fuel and/or high-level radioactive waste pursuant to the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270, by January 31, 1998; otherwise denies the allegations contained in paragraph 25.

26. Denies.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies.

32. Defendant's responses to paragraphs 1 through 31 of the complaint are incorporated by reference.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Denies.

36. Defendant's responses to paragraphs 1 through 35 of the complaint are incorporated by reference.

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Denies.

40. Defendant's responses to paragraphs 1 through 39 of the complaint are incorporated by reference.

41. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 41 of plaintiff's complaint.

42. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 42 of plaintiff's complaint.

43. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 43 of plaintiff's complaint.

44. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 44 of plaintiff's complaint.

45. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 45 of plaintiff's complaint.

46. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 46 of plaintiff's complaint.

47. Defendant's responses to paragraphs 1 through 46 of the complaint are incorporated by reference.

48. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 48 of plaintiff's complaint.

49. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 49 of plaintiff's complaint.

50. Pursuant to this Court's order dated January 31, 2003, defendant's obligation to answer Counts III and IV of plaintiff's complaint is stayed, precluding defendant's obligation to respond to paragraph 50 of plaintiff's complaint.

51. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 50, or to any relief whatsoever.

52. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

53. Plaintiff has failed to satisfy a condition precedent to defendant's liability.

FIRST COUNTERCLAIM

54. The Court possesses jurisdiction to entertain this counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

55. Pursuant to the standard contract at issue in this case, the contract holder is required to pay a one-time fee for SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 a.m. on April 7, 1983. See 10 C.F.R. § 961.11, Art. VIII.B.2. Plaintiff's predecessor to the standard contract at issue in this case elected to satisfy its financial obligation pursuant to Article VIII.B.2 of the standard contract "in the form of a single payment anytime

prior to the first delivery, as reflected in the DOE approved delivery commitment schedule," which "shall consist of the fee plus interest on the outstanding fee balance." See id., Art. VIII.B.2(b). Neither plaintiff nor its predecessor to the standard contract at issue in this case has ever paid the one-time fee required pursuant to Article VIII of the standard contract.

56. Had DOE begun SNF acceptance pursuant to the standard contract in 1998, the contract holder for the standard contract at issue in this case would have been required to pay the one-time fee before DOE would have had any obligation to begin to accept any fuel from the plaintiff in this case pursuant to that standard contract. To the extent that the plaintiff in this case receives an award of damages based upon DOE's failure to begin SNF acceptance in 1998 or at any time thereafter, the plaintiff should be required to provide DOE with the monies that, before DOE would have been obligated to have accepted the contract holder's SNF, the contract holder would have had to pay to DOE. Accordingly, the Court allow defendant to recoup or set-off the one-time fee owed pursuant to the terms of the standard contract at issue in this case.

57. The principal amount of Consumers' one-time fee is $44,286,408.32, and defendant is entitled to judgment in that amount, plus interest upon that amount, pursuant to Article VIII.B.2(b) of the Standard Contract, running "from April 7, 1983, . . . to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment."

SECOND AFFIRMATIVE DEFENSE, AND
COUNTERCLAIM FOR OFFSET OR RECOUPMENT

58. The Court possesses jurisdiction to entertain the merits of the defense of recoupment or setoff pursuant to 28 U.S.C. §§ 1503 and 2508.

59. Defendant incorporates by reference the allegations contained in paragraphs 55 through 57 above.

60. Plaintiff''s claim is barred by the affirmative defense of recoupment or setoff, and defendant is entitled to setoff or recoup the one-time fee that plaintiff owes pursuant to Article VIII.B.2 of the Standard Contract against any judgment awarded in plaintiff's favor.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor; order that the complaint be dismissed; order that defendant is entitled to recover the amount of the one-time fee that plaintiff has not yet paid or, in the alternative, that any amount that may be found due plaintiff under the standard contract at issue in this case shall be recouped or setoff by any amount owed to the United States pursuant to Article VIII.B.2 of the standard contract; and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2053

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

July 9, 2004

CERTIFICATE OF FILING

I hereby certify that on this 9th day of June 2004, a copy of foregoing "DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR OFFSET OR RECOUPMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.