**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| | ) | COFC No. 02-1894-C |
| Plaintiff, | ) | (Chief Judge Damich) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

NOW COMES Consumers Energy Company ("Plaintiff" or "Consumers Energy"), by and through its undersigned attorneys, and for its Reply to Defendant's Counterclaims dated July 9, 2004, states as follows:

**REPLY TO FIRST COUNTERCLAIM**

54.[1] Plaintiff admits the allegations of jurisdiction contained in paragraph 54. Plaintiff denies liability as alleged.

55. Plaintiff admits that under the Contract at issue in this case, Consumers Energy is required to make a one-time payment for Spent Nuclear Fuel and High Level Radioactive Waste (collectively "SNF") discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 a.m., April 7, 1983. See Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste (the "Contract"). Plaintiff further admits that pursuant to the Contract, Plaintiff was entitled to elect, and did in fact elect, to satisfy its obligation to make the one-time payment under subsection

---

[1]Defendant filed Defendant's First Amended Answer, Affirmative Defenses, and Counterclaims on or about July 9, 2004. The Counterclaims begin at paragraph 54 of the Government's pleading. For ease of reference, Plaintiff's Reply will respond to the numbered paragraphs beginning with paragraph 54 of Defendant's Counterclaims.

(b) of Article VIII.B.2 of the Contract, which allows such payment to be made "in the form of a single payment anytime prior to the first delivery, as reflected in the DOE approved delivery commitment schedule, and shall consist of the fee plus interest on the outstanding fee balance." Contract, Article VIII.B.2(b). Plaintiff further admits that it has not paid the one-time payment because such payment is not yet due under the terms of the Contract. Plaintiff states further that due to Defendant's failure of performance and partial breach of contract, Defendant has not yet accepted the first delivery of SNF from Plaintiff. As a result, the one-time payment is not yet due under the terms of the Contract. Plaintiff states further that Article VIII.C.1 of the Contract provides that DOE will notify Consumers Energy of amounts unpaid or underpaid pursuant to the Contract. The Contract provides that "DOE will notify the Purchaser [Consumers Energy] of amounts due only when unpaid or underpaid by the dates specified in paragraph B above." Contract, Article VIII.C.1. Upon information and belief, DOE has never provided notice of any unpaid or underpaid amounts by Consumers Energy under the Contract, thereby recognizing that the one-time payment is not yet due.

56. Plaintiff admits and acknowledges its obligation to make the one-time payment in accordance with Article VIII.B.2(b) of the Contract. Plaintiff was prepared in 1998 and remains prepared now, to make the one-time payment prior to the first delivery, and after DOE approves a delivery commitment schedule for such delivery as required under the Contract. Plaintiff denies the remaining allegations contained in paragraph 56 as untrue. Specifically, because Plaintiff's obligation to make the one-time payment is predicated upon an approved delivery commitment schedule for first delivery, and may be made any time prior to first delivery, the one-time payment obligation is not yet due, and there is therefore no debt to setoff or recoup against any award of damages received by Plaintiff in this case.

57. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the alleged amount of Consumers Energy's one-time fee. Plaintiff denies that Defendant is entitled to judgment in the amount of the one-time payment and interest as alleged for the reason that the one-time payment is not yet due under the terms of the Contract and the Counterclaims fail to state a claim upon which relief may be granted.

**REPLY TO SECOND AFFIRMATIVE DEFENSE, AND COUNTERCLAIM FOR OFFSET OR RECOUPMENT**

58. Plaintiff admits the allegations of jurisdiction as stated in paragraph 58. Plaintiff denies liability as alleged.

59. Plaintiff realleges and incorporates by reference its reply to paragraphs 55-57 above as if fully set forth herein.

60. Plaintiff denies the allegations contained in paragraph 60 for the reason that the one-time payment under Article VIII.B.2(b) of the Contract is not yet due, and therefore there is no debt to recoup or setoff in this case.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The debt as alleged is not yet due under the terms of the Contract.

**THIRD AFFIRMATIVE DEFENSE**

Defendant has failed to satisfy a condition precedent to the alleged debt identified in the Counterclaims. Specifically, Defendant has failed to approve a delivery commitment schedule or accept delivery of SNF.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by failure of consideration.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of estoppel.

Consumers Energy reserves the right to add additional affirmative defenses as they become known through investigation and/or discovery in this matter.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court dismiss the Counterclaims, dated July 9, 2004, filed by Defendant in this matter, and grant Plaintiff its costs, including attorney fees, as permitted by law, together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Thomas O. Mason

Thomas O. Mason
WILLIAMS MULLEN
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200 (phone)
(703) 748-0244 (facsimile)
Attorneys for Plaintiff Consumers Energy Company

OF COUNSEL:

Harvey J. Messing (P23309)
Jeffrey S. Theuer (P44161)
LOOMIS, EWERT, PARSLEY, DAVIS & GOTTING, P.C.
232 S. Capitol Avenue, Suite 1000
Lansing, MI 48933
(517) 482-2400

James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151

Dated: August 2, 2004

1066046v1