IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-1894C<br>(Chief Judge Damich) |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court grant an enlargement of 29 days, to and including December 17, 2004, within which to file defendant's response to plaintiff's cross-motion for summary judgment on contract liability, which the plaintiff, Consumers Energy Company ("Consumers"), filed on October 18, 2004. The Government's response to that motion is currently due on November 18, 2004. In addition, defendant respectfully requests that the Court grant an enlargement, partially out-of-time, of 43 days, to and including December 17, 2004, within which to file its reply to Consumers' response to the Government's motion for summary judgment upon Counts I and II of the plaintiff's complaint, which Consumers also filed on October 18, 2004. Defendant's reply was due to be filed on November 4, 2004, and is now 13 days out of time.[1] Defendant has not previously requested an

[1] Entry No. 60 in the Court's docketing information, available on-line through PACER, indicates that the Government's reply was due on November 1, 2004. However, pursuant to RCFC 7.1(c), the Government had 14 days within which to submit its reply to Consumers' response brief, and, pursuant to RCFC 6(e), the Government had an additional three days within which to file that reply because Consumers' response was served in accordance with RCFC 5(b)(2)(D). Under those rules, we calculate our due date as having been November 4, 2004. Regardless of the actual due date, it is clear that we have missed that deadline and respectfully request that, regardless of whether the due date was November 1 or November 4, 2004, the Court grant us an enlargement to and including December 17, 2004.

enlargement of time for these purposes. Counsel for defendant attempted to contact counsel for plaintiff, Thomas Mason, regarding this motion on Tuesday morning, November 16, 2004, but counsel for plaintiff was out of the office. Although one of counsel for plaintiff's associates, Mr. Francis Purcell, was attempting to reach Mr. Mason to discuss our request and hoped to respond to us by the close of business yesterday, and we temporarily deferred filing this motion pending notification of Consumers' position, we have not yet heard whether Consumers will oppose this motion.

As the Court is aware, a seven-and-a-half-week consolidated trial in three of the spent nuclear fuel cases, including Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), was completed on August 31, 2004. During the past several weeks, counsel for defendant has been actively involved in the preparation of the Government's initial post-trial brief and extensive proposed findings of fact in those three cases, consuming an extensive amount of counsel's time. Those pleadings are now scheduled to be filed on November 18, 2004. In addition, counsel for defendant has been responsible for preparing and filing substantive briefing upon summary judgment motions that have been filed in Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Fed. Cl.), filed November 4, 2004; for preparing and filing defendant-appellee's response to the motions of two sets of plaintiffs seeking permission to file *amici* briefs in Indiana Michigan Power Co. v. United States, No. 04-5122 (Fed. Cir.), also filed on November 4, 2004; for preparing and filing reply briefs upon summary judgment briefing in Entergy Gulf States v. United States, No. 03-2625C (Fed. Cl.), Detroit Edison Co. v. United States, No. 02-926C (Fed. Cl.), and Systems Fuels, Inc. v. United States, No. 03-2621C (Fed. Cl.), which were filed on October 29, 2004; and for participating in various recent status

conferences in the Yankee Atomic case and Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.). Further, counsel for defendant is responsible for coordinating the efforts of the attorneys assigned to handle the spent nuclear fuel cases, which has involved significant time during the past several weeks.

We are attempting to coordinate the various briefing that we must file in the spent nuclear fuel cases so that we can prepare complete responsive briefing in those cases in which briefing is continuing. Over the next few weeks, counsel for defendant is personally responsible for preparing two sets of reply briefs on separate summary judgment motions in Systems Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), one of which involves the same issue regarding non-payment of the one-time fee at issue in this case and which is due on December 2, 2004; representing the Government at oral argument upon a pending motion to dismiss in Delmarva Power & Light Co. v. United States, No. 04-0034C (Fed. Cl.), on December 3, 2004; and assisting in dealing with various expert reports and pleadings that are due to be disclosed in other spent nuclear fuel cases between November 22, 2004, and December 1, 2004. To assist us in coordinating our ability to prepare a complete response to Consumers' pleadings in this case (including the substantial appendix that accompanies its filings) with our obligations in other spent nuclear fuel cases, and considering the impending Thanksgiving holiday, we respectfully request that the Court allow us to schedule our responsive and reply briefing in this case for filing on December 17, 2004. With that enlargement of time, we should be able to complete our briefing here and provide the Court with a thorough response and reply to both of Consumers' filings.

With regard to our need to seek leave to file our reply to Consumers' response to our motion for summary judgment upon Counts I and II out of time, counsel for defendant erred in calendering the due date for that pleading. When Consumers filed both its cross-motion for summary judgment on contract liability and its response to the Government's motion for summary judgment upon Counts I and II of Consumers' complaint on October 18, 2004, counsel for defendant mistakenly calculated the due date for both briefs as November 18, 2004, even though Consumers had filed the two briefs separately and not in a single pleading. Because the two pleadings were not contained in the same pleading, defendant's reply brief relating to summary judgment upon Counts I and II of plaintiff's complaint should have been calendared as due on November 4, 2004. Unfortunately, counsel for defendant simply made a mistake in combining the two due dates on the Government's internal briefing calendar. We apologize for this error and respectfully request that the Court grant us leave to seek this enlargement out-of-time for that reply brief.

For the foregoing reasons, we respectfully request that the Court grant our motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

November 17, 2004

CERTIFICATE OF FILING

I hereby certify that on this 17th day of November 2004, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.