**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| | ) | COFC No. 02-1894-C |
| Plaintiff, | ) | (Chief Judge Damich) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSUMERS ENERGY COMPANY'S MOTION FOR RECONSIDERATION OF ORDER DATED APRIL 29, 2005 REGARDING RECOUPMENT**

Thomas O. Mason
WILLIAMS MULLEN
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200 (phone)
(703) 748-0244 (facsimile)

OF COUNSEL:
Harvey J. Messing (P23309)
Jeffrey S. Theuer (P44161)
LOOMIS, EWERT, PARSLEY, DAVIS
& GOTTING, P.C.
232 S. Capitol Avenue, Suite 1000
Lansing, MI 48933
(517) 482-2400

James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151

Attorneys for Plaintiff Consumers Energy Company

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... ii

STATEMENT OF QUESTION INVOLVED ON RECONSIDERATION .......... iii

STATEMENT OF THE CASE .......... 1

STANDARD FOR RECONSIDERATION .......... 3

LEGAL DISCUSSION .......... 4

A. The Government Could Be Placed in a Better Position for Having Breached the Contract If the Order Is Not Reconsidered. .......... 4

CONCLUSION .......... 6

## INDEX OF AUTHORITIES


**Case** **Page No.**

*Bluebonnet Sav. Bank F.S.B. v. United States*,
339 F.3d 1341 (Fed. Cir. 2003) ......................................................................2, 3, 5, 6

*Citizens Fed. Bank, FSB v. United States*,
53 Fed. Cl. 793 (2002)........................................................................................................4

*Consumers Energy Company v. United States*,
___ Fed. Cl. ____ (2005), 2005 WL 1023513 (Fed.Cl. April 29, 2005) ....................2, 3, 5

*Fru-Con Construction Corp. v. United States*,
44 Fed. Cl. 298 (1999)........................................................................................................4

*Stelco Holding v. United States*,
45 Fed. Cl. 541 (2000)........................................................................................................4

*Tritek Technologies, Inc. v. United States*,
63 Fed. Cl. 740 (2005)........................................................................................................4

*United States v. Munsey Trust Co.*,
332 U.S. 234 (1947)............................................................................................................2

*Yuba National Resources, Inc. v. United States*,
904 F.2d 1577 (Fed. Cir. 1990) ..........................................................................................3

## STATEMENT OF QUESTION INVOLVED ON RECONSIDERATION

1. Should the Court reconsider that portion of its April 29, 2005 Order authorizing the Government to recoup the one-time fee payment against any damages awarded in favor of Plaintiff?

Plaintiff answers: Yes, the issue should be reserved to the damages phase of the case.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| | ) | COFC No. 02-1894-C |
| Plaintiff, | ) | (Chief Judge Damich) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSUMERS ENERGY COMPANY'S MOTION FOR RECONSIDERATION OF ORDER DATED APRIL 29, 2005 REGARDING RECOUPMENT**

Consumers Energy Company ("Consumers Energy") moves for reconsideration of that portion of this Court's April 29, 2005 Order (the "Order") authorizing the Government to recoup the one-time fee payment against any award of damages in favor of Consumers Energy in this case.

**STATEMENT OF THE CASE**

On July 9, 2004, Defendant the United States filed a Motion for Summary Judgment to dismiss Counts I and II of the Complaint on grounds that Consumers Energy failed to pay a one-time fee under the Standard Contract as a condition precedent to DOE's obligation to accept, transport and dispose of Consumers Energy's spent nuclear fuel and/or high level radioactive waste (collectively "SNF"). Defendant moved in the alternative for partial summary judgment on its counterclaim for recoupment of the one-time fee against any award of damages in favor of Consumers Energy.

Consumers Energy filed a Cross-Motion for Summary Judgment to dismiss the counterclaim and affirmative defense relating to recoupment of the one-time fee, and, on October

18, 2004, Consumers Energy filed a Motion for Summary Judgment as to liability for partial breach of contract under Count I of the Complaint.

On April 29, 2005, this Court issued the Order denying Defendant's motion to dismiss Counts I and II, denying Defendant's motion to recover the unpaid one-time fee, but granting Defendant's motion to recoup the one-time fee against any award of damages in Consumers Energy's favor. The Court denied Consumers Energy's cross motion to dismiss the affirmative defense and counterclaim for recoupment, but granted Consumers Energy's cross motion to dismiss the affirmative defense alleging failure to satisfy a condition precedent, and further granted Consumers Energy's motion for judgment as to liability against the Government for partial breach of contract. *See Consumers Energy Company v. United States*, ___ Fed.Cl. ____ (2005), 2005 WL 1023513 (April 29, 2005).

Consumers Energy requests reconsideration of Section 5(A)(4) of the Order in which the Court ruled that Defendant is entitled to recoup the one-time fee against any damages judgment in Plaintiff's favor. That portion of the Order provides as follows:

> Defendant asks, in the alternative, to recoup Plaintiff's one-time fee against any award of damages in Plaintiff's favor, should damages ultimately be awarded. The Court accepts that a right to recoup the fee would logically follow from a damages judgment favoring Consumers. "To derive the proper amount for the damages award, the costs resulting from the breach must be reduced by the costs, if any, that the plaintiffs would have experienced absent a breach." *Bluebonnet Sav. Bank F.S.B. v. United States*, 339 F.3d 1341, 1345 (Fed. Cir. 2003); *see also United States v. Munsey Trust Co.*, 332 U.S. 234, 239 (1947) ("The government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts owed to him.'"). Had DOE properly proceeded with the DCS process, such that a date for "first delivery" had been specified in an FDS, Consumers would have been obligated to pay the one-time fee "anytime prior to first delivery." If Consumers had not paid the fee on time, or underpaid the fee, DOE would have been entitled under Article VIII.C to

seek Plaintiff's payment, subject to an additional interest levy.

> In any event, "the non-breaching party should not be placed in a better position through the award of damages than if there had been no breach." *Bluebonnet*, 339 F.3d at 1345. Plaintiff's recovery of damages without having to account for its obligation to pay the one-time fee, which it would have owed had there been no breach, would surely put Plaintiff in a more advantageous position.

*Consumers Energy Company v. United States*, ______ Fed.Cl. at _______ (footnote omitted).

Plaintiff Consumers Energy requests reconsideration of the above quoted portion of the Order on the following grounds:

A. Any ruling on recoupment should be reserved to the damages phase since the government could be placed in a better position for having breached depending on whether Plaintiff receives compensation for future damages, or whether its damages are limited to damages incurred through the date of trial as asserted by the government. The latter would result in payment of the one-time fee prior to actual acceptance, transport, and storage of Consumers Energy's SNF in violation of the Standard Contract.

## STANDARD FOR RECONSIDERATION

The standard for granting motions for reconsideration under RCFC 59 has been very recently explained by this Court as follows:

> The decision to grant a motion for reconsideration is within the scope of the Court's sound discretion. *Yuba National Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). A motion for reconsideration shall be granted only if the movant demonstrates "(a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) that the motion is necessary to prevent manifest injustice." *Citizens Fed. Bank, FSB v. United States*, 53 Fed.Cl. 793, 794 (2002). A motion for reconsideration "enables a trial

> court to address oversights." *Fru-Con Construction Corp. v. United States*, 44 Fed.Cl. 298, 315 (1999). However, a motion for reconsideration should not be used to merely reargue positions previously rejected. *See Stelco Holding v. United States*, 45 Fed.Cl. 541, 542 (2000).

*Tritek Technologies, Inc. v. United States*, 63 Fed.Cl. 740, 752 (2005).

In the present case, reconsideration of the recoupment issue as stated in the Order would enable the Court to address an apparent oversight in its consideration of the effect of potential damages awards in this case, and prevent manifest injustice in the event that damages are ultimately awarded only through the date of trial as requested by the Government. This could leave the Government in a better position for having breached the Standard Contract since it would have received the one-time payment through recoupment, but the SNF and its continuing storage costs would remain with Consumers Energy.

## LEGAL DISCUSSION

### A. The Government Could Be Placed in a Better Position for Having Breached the Contract If the Order Is Not Reconsidered.

As recognized by this Court, prevention of manifest injustice is one of the grounds under which a motion for reconsideration may be granted. In this case, such grounds exist because if the Government's position on damages for partial breach of contract is ultimately upheld, and damages are limited to a period through the date of trial, this would result in the Government improving its position for having breached the Standard Contract. This may be illustrated through a hypothetical. Assume for purposes of this hypothetical that trial occurs in this case in 2005, but the Government does not begin accepting, transporting, and storing Consumers Energy's SNF until 2040. If the Government's position regarding damages were upheld, and Consumers was awarded damages representing costs through the date of trial in 2005, under the

current language of the Order, the Government would assert that it is entitled to recoup the amount of the damage award against the one-time fee. If the damage award is equal to or less than the amount then due under the one-time fee provision of the Standard Contract, the government would effectively receive payment of the one-time fee from Consumers Energy 35 years prior to the date on which it would otherwise be due under the Standard Contract. Additionally, under this hypothetical, Consumers Energy would still be forced to incur the cost of storing the SNF after having already paid the one-time fee under the Standard Contract. This situation would violate the parties' agreement as currently reflected in the Standard Contract because Consumers Energy should not be required to pay the one-time fee until some time in 2040 in this hypothetical.

As indicated by this Court in the Order, "the inquiry for determining Plaintiff's recoverable damages is a factual matter for trial at a later occasion." *Consumers Energy Company v. United States*, ______ Fed.Cl. at ______. Since the determination concerning damages is as yet unresolved in this case, the issue of the Government's right to recoupment should also be reserved through the damages phase of this trial. Otherwise, the potential exists for the government to be placed in a more advantageous position for having breached the contract. The Court noted in the Order that "the non-breaching party should not be placed in a better position through the award of damages than if there had been no breach." *Consumers Energy Company v. United States*, ______ Fed.Cl. at ______ (quoting *Bluebonnet Sav. Bank, F.S.B. v. United States*, 339 F.3d 1341, 1345 (Fed. Cir. 2003)). The rationale also applies in the other direction. The breaching party should not be placed in a better position after the award of damages than it would have been in had it not breached the contract to begin with. Depending

on this Court's ultimate determination on damages, the Government could receive the full amount of the one-time payment as a recoupment long before it accepts delivery of Consumers Energy's SNF as required under Article VIII.B(2)(b) of the Standard Contract. The potential for such a manifestly unjust result exists if the Government's right to recoupment is not reserved until the amount and basis of all damages incurred by Consumers Energy prior to delivery as a result of the breach is determined.

## CONCLUSION

For the foregoing reasons, in order to avoid the possibility of manifest injustice, Plaintiff Consumers Energy respectfully requests reconsideration of the Court's Order as it relates to the Government's assertion of a right to recoupment. Consumers Energy respectfully requests that the issue of the Government's right to recoupment be determined after the damages portion of this case is resolved.

Respectfully submitted,

s/ Thomas O. Mason

Thomas O. Mason
WILLIAMS MULLEN
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200 (phone)
(703) 748-0244 (facsimile)
Attorneys for Plaintiff Consumers Energy Company

OF COUNSEL:

Harvey J. Messing (P23309)
Jeffrey S. Theuer (P44161)
LOOMIS, EWERT, PARSLEY, DAVIS
& GOTTING, P.C.

232 S. Capitol Avenue, Suite 1000
Lansing, MI 48933
(517) 482-2400

James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151

Dated: May 13, 2005