IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-1894C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO CONSUMER ENERGY COMPANY'S
MOTION FOR RECONSIDERATION
OF ORDER DATED APRIL 29, 2005 REGARDING RECOUPMENT

Pursuant to this Court's order dated May 18, 2005, and pursuant to Rule 59 of the Rules of this Court ("RCFC"), defendant, the United States, respectfully files this response to "Consumer Energy Company's Motion For Reconsideration Of Order Dated April 29, 2005 Regarding Recoupment," which plaintiff, Consumers Energy Company ("Consumers"), filed on May 13, 2005.

DISCUSSION

I. THE LEGAL STANDARDS FOR SEEKING RECONSIDERATION OF A COURT'S OPINION PURSUANT TO RCFC 59 ARE STRICT

Motions for reconsideration in this Court are governed by RCFC 59 and "are granted at the sole discretion of the court – not as a matter of right." CW Gov't Travel, Inc. v. United States, 63 Fed. Cl. 459, 462 (2005); see Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000).[1] "A showing of extraordinary circumstances is necessary

[1] This Court's Rule 59 differs from Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). FRCP 59 applies only to requests for new trials and motions to alter or amend a previously issued judgment. However, this Court modified the standard FRCP 59 in formulating its own rules, making Rule 59 applicable not only to motions for new trials and to amend judgments but also to motions for rehearing and for reconsideration. See RCFC 59. Although FRCP 59 does not apply to motions for reconsideration of interlocutory orders that are not

before a party may prevail on its motion for reconsideration." CW Gov't, 63 Fed. Cl. at 462. "This showing, under RCFC 59, must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." Fru-Con Constr., 44 Fed. Cl. at 300 (emphasis added). A "manifest" error is an error that is "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident." Black's Law Dictionary 867 (5th ed. 1979) (defining "manifest").

Generally, to establish a basis for reconsideration under RCFC 59, "the movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003). "Because of a strong public policy disfavoring reconsideration based upon facts already in the record at the time of the original conclusion, a party's motion for reconsideration must be premised upon much more than a mere re-argument of positions already advanced before the court." Anchor Sav. Bank, FSB v. United States, 63 Fed. Cl. 6, 7 (2004) (citing Fru-Con Constr., 44 Fed. Cl. at 301); see Independence Park Apts. v. United States, 62 Fed. Cl. 684, 686 (2004) (party seeking reconsideration "must do more than merely reassert 'arguments which were previously made and were carefully considered by the court'") (quoting Henderson County, 55 Fed. Cl. at 337). "In other words, a motion for reconsideration is improper when based upon 'the

---

immediately appealable, see Iraheta v. United of Omaha Life Ins. Co., No. 2004-794, 2005 WL 701070, at *1 (D. Md. Mar. 28, 2005), this Court modified Rule 59 to include motions for reconsideration of interlocutory orders. See, e.g., PSEG Nuclear, L.L.C. v. United States, No. 01-551C, slip op. at 5 (Fed. Cl. Apr. 22, 2005) (reviewing motion for reconsideration of interlocutory order pursuant to RCFC 59); Anchor Sav. Bank, FSB v. United States, 63 Fed. Cl. 6, 7 (2004) (same).

sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise a losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged with no more satisfactory results, as there would still be a losing party in the end.'" Roche v. District of Columbia, 18 Ct. Cl. 289, 290, 1800 WL 1263 (1883).

## II. PLAINTIFF HAS NOT IDENTIFIED ANY BASIS FOR RECONSIDERATION OF THIS COURT'S APRIL 29, 2005 ORDER THAT WAS NOT PREVIOUSLY ARGUED TO THIS COURT

The sole basis of Consumers' motion for reconsideration is its contention that, if the Court permits the Government to recoup the one-time fee (which Consumers is required to pay pursuant to Article VIII.A.2 of the Standard Contract) from any damages that the Court awards in Consumers' favor in this case, it would place the Government in a better position than that in which it would have been had the Government timely begun spent nuclear fuel ("SNF") acceptance. Consumers complains that allowing the Government to recoup the one-time fee "would result in payment of the one-time fee prior to actual acceptance, transport, and storage of Consumers Energy's SNF in violation of the Standard Contract." Consumers Mtn. 3. It claims that "[t]his could leave the Government in a better position for having breached the Standard Contract since it would have received the one-time payment through recoupment, but the SNF and its continuing storage costs would remain with Consumers Energy." Id. at 4.

We agree that "[o]ne of the basic principles of contract damages is that 'damages for breach of contract shall place the wronged party in as good a position as it would have been in, had the breaching party fully performed its obligation.'" Bluebonnet Sav. Bank, F.S.B. v. United States, 339 F.3d 1341, 1344-45 (Fed. Cir. 2003) (quoting Massachusetts Bay Transp. Auth. v. United States, 129 F.3d 1226, 1232 (Fed. Cir.1997)). "Thus, the non-breaching party should not

be placed in a better position through the award of damages than if there had been no breach." Id. (citing White v. Delta Constr. Int'l, Inc., 285 F.3d 1040, 1043 (Fed. Cir. 2002)). "[T]he non-breaching party 'should on no account get more than would have accrued if the contract had been performed.'" White, 285 F.3d at 1043 (quoting DPJ Co. v. FDIC, 30 F.3d 247, 250 (1st Cir.1994)).

However, as we demonstrated in our motion for summary judgment regarding Consumers' non-payment of its one-time fee, it is Consumers, not the Government, that, absent the Government's recoupment of the one-time fee from any damages award that Consumers receives, would be placed in a better position than had the contract been fully performed. As we demonstrated in our motion for summary judgment, before DOE ever began accepting Consumers' SNF, Consumers would have been required to pay its one-time fee pursuant to Article VIII.B.2(b) of the Standard Contract. Had DOE begun accepting Consumers' SNF in 1998 or at any other time that Consumers alleges, Consumers first would have had to pay the entirety of its one-time fee. Consumers now seeks damages for DOE's failure to begin accepting its SNF and purportedly seeks to be placed in the financial position in which it would have been had DOE timely begun SNF acceptance. Yet, if it is able to obtain a damages award that compensates it for all costs resulting from having to store its SNF longer than it anticipated, but, at the same time, is able to retain and invest the money that it was obligated to pay before DOE would remove that SNF and eliminate Consumers' need to continue storing the SNF, it will be placed in a better financial position than it otherwise would. Accordingly, to the extent that the Court determines that Consumers is entitled to damages for a partial breach of the Standard Contract, DOE should be entitled to recoup the amount of Consumers' unpaid one-time fee (plus

the interest calculated from April 7, 1983, as identified in Article VIII.B.2(b) of the Standard Contract) from any any damages for DOE's delay in performance.

Consumers introduces a hypothetical to establish the reasons that, if the Government is able to recoup the one-time fee from its damages award, Consumers will be harmed. Consumers asks the Court to assume that trial occurs in 2005, but that the Government does not begin accepting Consumers' SNF until 2040. Consumers asserts that, with recoupment, the Government would recover the one-time fee "35 years prior to the date on which it would otherwise be due under the Standard Contract," but that Consumers would "still be forced to incur the cost of storing the SNF after having already paid the one-time fee under the Standard Contract." Consumers Mtn. 5.

Consumers' hypothetical is based upon a fundamental misconception: although it contends that it will "still be forced to incur the cost of storing the SNF," any damages award by this Court presumably would compensate Consumers for any incremental "cost of storing SNF" that Consumers incurs because of the Department of Energy's breach. Accordingly, having received its damages judgment, Consumers is not "still be[ing] forced to incur the cost of storing the SNF after having already paid the one-time fee." Instead, the <u>Government</u> is paying Consumers' incremental storage costs, through damages awards. Any damages award presumably will attempt to place Consumers in the position in which it would have been, had DOE timely performed, by comparing the "but for" world with the actual world. In the "but for" world, Consumers would had to have paid its one-time fee before DOE began accepting any of its SNF. Accordingly, as part of any damages award, DOE, at the very least, should be allowed to recoup the one-time fee that, had DOE timely performed, Consumers would have been required to pay at that time. In Consumers' world, Consumers would be able to retain all monies

representing reimbursement for incremental costs that Consumers has incurred as a result of the Department of Energy's delay, but be able to defer its payment of the one-time fee indefinitely, investing and profiting from that money as it desires, even though it would have been required to pay that fee before DOE began accepting its SNF.

As we discussed in our motion for summary judgment, the Supreme Court and the Federal Circuit have long recognized the Government's common law right to offset or recoup debts owed to the Government against contract payments and damages due to the debtor. The right of offset was first recognized by the Supreme Court in United States v. Munsey Trust Co., 332 U.S. 234, 239 (1947), in which the Court held that the "government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." Consistent with the Supreme Court's decision in Munsey Trust, the Court of Claims similarly recognized the Government's right of offset in Madden v. United States, 178 Ct. Cl. 121, 371 F.2d 469, 473 (1967), in which the Court held that the Government's right to offset debts owed to it against damages awarded to the debtor for an equitable adjustment of contract was superior to an attorney's lien.

Since the invocation of the common law doctrine of offset in Munsey Trust and Madden, the Government's right to offset or recoup contractual debts owed to it has been sustained in numerous decisions. See, e.g., First Federal Savings & Loan Assoc. v. United States, 58 Fed. Cl. 139, 165 (2003) (Government's right to offset damages can be raised as a "defense or argument in mitigation" during the damages phase of proceedings); Cecile Industries, Inc. v. Cheney, 995 F.2d 1052, 1054 (Fed. Cir. 1993) (Debt Collection Act of 1982, 31 U.S.C. § 3716, does not abrogate or constrict "the Government's long-standing common law right to offset contract debts against contract payments"); Project Map, Inc. v. United States, 203 Ct. Cl. 52, 486 F.2d 1375,

1376 (1973) (Government could withhold amounts owed to a contractor under a contract when the contracting officer had found that plaintiff was overpaid on two other contracts, even though the determination of overpayment was on appeal before the Board of Contract Appeals); Sinclair Oil Corp. v. United States, 291 F.3d 822, 828 (Fed. Cir. 2002) (proceeds received by a purchaser of gasoline from its settlement with a refiner would offset the gasoline purchaser's asserted refund from a DOE fund).

The Government's common law right to offset contractual debts owed to the Government against contract payments due to the debtor (and damages awarded to a plaintiff) is consistent with the contractual principle that damages for breach of contract cannot place the plaintiff in a better position than it would have been in had there been no breach. The offset doctrine thus mandates that damages for breach of contract be reduced by the amount of contractual debts owed by a plaintiff to the Government to prevent unjust enrichment. "To derive the proper amount for the damages award, the costs resulting from the breach must be reduced by the costs, if any, that the plaintiffs would have experienced absent a breach." Bluebonnet, 339 F.3d at 1345 (emphasis added). Accord LaSalle Talman Bank v. United States, 317 F.3d 1363, 1366 (Fed. Cir. 2003) ("damages due to the breach are subject to offset or mitigation by the benefits of the actions taken after the breach").

The Court correctly found that the Government should, at the very least, be entitled to recoup the one-time fee against any damages award in Consumers' favor. In any event, Consumers has not identified any basis upon which to request that this Court revisit its prior decision upon this matter, given that all of its arguments were previously considered by the Court. Accordingly, under RCFC 59, Consumers' motion for reconsideration should be denied.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Consumers' motion for reconsideration.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

June 1, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 1st day of June 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO CONSUMER ENERGY COMPANY'S MOTION FOR RECONSIDERATION OF ORDER DATED APRIL 29, 2005 REGARDING RECOUPMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.