# In the United States Court of Federal Claims

No. 02-1894 C
(Filed: June 28, 2005)

******************************************
*
**CONSUMERS ENERGY COMPANY,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
******************************************

**ORDER**

On May 13, 2005, Plaintiff filed a motion for reconsideration of the portion of the Court's Opinion and Order of April 29, 2005, in this spent nuclear fuel (SNF) case authorizing Defendant to recoup payment of a one-time fee against any award of damages in Plaintiff's favor. For the reasons stated below, the motion is DENIED.

A motion to reconsider, pursuant to Rule 59 of the Rules of the Court of Federal Claims (RCFC), is within the scope of the Court's sound discretion. *Yuba Nat'l Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The movant must demonstrate either: 1) an intervening change in the controlling law; 2) evidence not previously available; or 3) manifest injustice. *Tritek Technologies, Inc. v. United States*, 63 Fed. Cl. 740, 752 (2005). Reconsideration is intended for reasons other than a mere re-argument of issues already raised. *Anchor Sav. Bank, FSB v. United States*, 63 Fed. Cl. 6, 7 (2004).

The issue of recoupment was raised in the prior briefing and at oral argument. In its motion for reconsideration, Plaintiff avers neither a change in controlling law nor new evidence, but rather that recoupment, in the absence of its recovery of future damages,[1] would constitute manifest injustice because it could put the government in a better position for having breached the Standard Contract. While Plaintiff's argument is plausible, although in the court's

[1] The Court notes that SNF plaintiffs' recovery of future damages in the context of a claim for partial breach of contract is one of the questions pending before the Federal Circuit in the appeal of *Indiana Michigan Power Co. v. United States*, No. 04-5122 (Fed. Cir. filed July 26, 2004).

opinion, unsuccessful, it is not a new argument; reconsideration would merely give Plaintiff an inappropriate second bite at the apple. Plaintiff further urges that the issue of recoupment should be reserved for the damages phase of trial in this case. Yet the right to recoupment here is a legal issue, not a factual issue for resolution at trial.

The Court continues to rely on the guidance of the Federal Circuit in *Bluebonnet Sav. Bank F.S.B. v. United States*, 339 F.3d 1341, 1345 (2003), that, "[t]o derive the proper amount for the damages award, the costs resulting from the breach must be reduced by the costs, if any, that the plaintiffs would have experienced absent a breach." Absent the government's breach, Plaintiff would have had to pay the one-time fee in full, with interest since 1983, any time up to the date of first delivery.

Plaintiff's motion is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge