IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSUMERS ENERGY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1894C<br>(Chief Judge Damich) |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF DEADLINES IN THE COURT'S SCHEDULING ORDER

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court order an enlargement of deadlines in the current scheduling order. Defendant seeks to enlarge the deadline to complete fact and expert discovery in this matter by 231 days, to and including February 16, 2009. Currently, fact and expert discovery is scheduled to close on June 30, 2008. The Government also requests that the Court modify the other deadlines contained in its June 25, 2007 revised scheduling order, including the pending February 1, 2008 deadlines for the Government to submit expert witness reports and an audit report in response to the plaintiff's damages claim. A proposed schedule reflecting the enlargement and specific deadlines requested by the Government is set forth below.

There has been one prior enlargement of time for this purpose. On June 22, 2007, the parties jointly filed a motion for enlargement of the Court's June 9, 2006 scheduling order. On June 25, 2007, the Court granted the joint motion and revised the scheduling order to reflect the dates proposed by the parties. In this instance, counsel for plaintiff Consumers Energy Company

("Consumers"), Jeffrey Theuer, stated that Consumers does not oppose an enlargement of the scheduling order, but that it did not consent to the specific dates requested by the Government.

The Government requests that the Court modify the current scheduling order and enlarge the current deadlines as follows:

| **Current Deadline** | **Proposed Deadline** | **Activity** |
|---|---|---|
| February 1, 2008 | September 16, 2008 | Submission Of Audit Report By Defendant In Response To Detailed Claim By Plaintiff; Submission Of Expert Report(s) By Defendant |
| February 29, 2008 | October 16, 2008 | Defendant's Deadline To Depose Plaintiff's Expert Witnesses |
| June 30, 2008 | February 16, 2009 | Plaintiff's Deadline To Depose Defendant's Expert Witnesses |
| June 30, 2008 | February 16, 2009 | Close of Fact And Expert Discovery (Including Completion Of All Depositions) |
| June 2008 | February 2009 | Status Conference Will Be Held To Set Trial Date, Etc. |

DISCUSSION

Initially, in June 2006, the Court issued a scheduling order for discovery in this case, but did not schedule a trial date. In January 2007, Consumers produced expert reports prepared by three expert witnesses, and in February 2007, the Government served Consumers with its first set of interrogatories and requests for production of documents. As the parties referenced in their joint status report, filed May 1, 2007, Consumers completed the sale of the Palisades Nuclear Power Plant ("Palisades") and Big Rock Independent Spent Fuel Storage Installation site ("Big Rock ISFSI") to Entergy Nuclear Palisades LLC ("Entergy") in April 2007. Prior to the filing of the May 1, 2007 joint status, Consumers requested, and the Government consented to, additional

time for Consumers to respond to the Government's interrogatories and to produce documents in response to the Government's document production requests, primarily because of Consumers' involvement with the pending sale to Entergy. As the parties further explained in their May 1, 2007 joint status report, a modification to the Court's June 9, 2006 scheduling order was warranted, but the modification most likely would be sought after Consumers served its responses to the Government's discovery requests.

On May 14, 2007, the Government received a production of documents from Consumers in response to the Government's document production requests and interrogatories. Consumers produced approximately 6,000 pages of hard-copy documents and a number of compact discs containing documents in electronic format. In its responses to the Government's requests for production of documents, Consumers stated that, for many of the Government's specific requests, it would make potentially responsive documents available at various locations in Michigan. Consumers further stated that, for many categories of documents, it "will produce responsive documents for inspection and copying at a mutually agreeable time and date." The plaintiff explained that potentially responsive documents may be available at the Big Rock ISFSI, the Palisades nuclear plant, and plaintiff's corporate offices, and it further noted that potentially responsive documents may be available in plaintiff's "Corporate Document System," within plaintiff's "Document Control System," and in plaintiff's "engineering research files." In addition to the documents that Consumers was making available for review in Michigan, plaintiff informed the Government that it intended to continue to produce additional responsive documents to the Government as it collected and reviewed documents.

As a result, on June 22, 2007, the parties filed a joint motion for enlargement of the Court's June 9, 2006 scheduling order. The motion stated that "the parties continue to engage in

discovery activities, but various factors have arisen that necessitate the need to extend various discovery deadlines," and the parties proposed an agreed-upon discovery schedule. As noted above, on June 25, 2007, the Court granted the joint motion for enlargement and revised the scheduling order to reflect the dates proposed by the parties.

Although the parties have continued to proceed with discovery, and having attempted to work through discovery-related issues cooperatively and without seeking the Court's intervention, numerous discovery-related issues remain unresolved, necessitating the requested enlargement of the current deadlines in the Court's scheduling order. For example, the Government, as part of discovery and to complete its "audit" of Consumers' damages claim as required by the Court's scheduling order, requested that Consumers produce supporting cost documentation for its damages claim. This documentation is expected to include, but not be limited to, invoices and accounting records for the costs included in Consumers' damages claim. The Government previously requested this documentation, but, as of the date of this motion, has not yet received this supporting cost documentation from Consumers. It is the Government's understanding, based upon information and belief, that Consumers began collecting this documentation in the summer of 2007, but that the production of this documentation has taken substantially longer than Consumers originally anticipated. Yesterday, Consumers' counsel indicated that this documentation could be available at the end of this week.

Further, it is the Government's understanding that Consumers' "damages claim" is reflected in the expert witness report and enclosed tables prepared by James Speyer. Although Consumers represented that it is claiming damages through the time of the sale of its nuclear assets to Entergy in April 2007, its "damages claim" included only actual, incurred costs through approximately the third quarter of 2006. The "costs" included in the damages claim for the

fourth quarter 2006 and all of the relevant 2007 time period are estimated costs. As noted above, apart from some limited documentation produced to the Government in 2007 concerning its damages claim, the Government has not received supporting cost documentation for any time frame included in plaintiff's damages claim. Finally, although Consumers has represented that it intends to provide the Government with an "amended" or "updated" damages claim to reflect the time period through the April 2007 sale to Entergy, as of today's date, the Government has not received this updated damages claim.

The Government was able to conduct a document review trip to Consumer's Palisades plant and a corporate document office in August 2007, to review documents at a couple locations identified by Consumers. The Government obtained a limited quantity of documents as a result of its efforts on this trip. Also, during the currently scheduled time frame for discovery, Palisades underwent a refueling outage in September 2007. The refueling outage limited the availability of Palisades and its personnel for discovery-related activities through October 2007.

Although the parties continue to work cooperatively through the discovery process, and without setting forth the details of every aspect of discovery to date, the Government disagrees with certain positions taken by Consumers concerning its discovery obligations in this case. Given its concerns regarding Consumers' responses to the Government's discovery requests, the Government served Consumers with a Rule 30(b)(6) deposition notice seeking testimony on certain discovery-related issues. For example, the Government sought testimony as to the contents of Consumers' "Corporate Records System" and accounting systems, and testimony as to how these systems were searched, or could be searched, for documents responsive to the Government's discovery requests. The Rule 30(b)(6) deposition could not be scheduled until December 2007, in conjunction with site visits that the Government conducted at

the Palisades nuclear plant and Big Rock Point sites, on December 17-18, 2007. However, given Consumer's designation of multiple witnesses in response to the Rule 30(b)(6) deposition notice, the deposition is not scheduled to be completed until January 28-29, 2008. Upon completion of this Rule 30(b)(6) deposition, the Government intends to address its concerns concerning discovery with Consumers before seeking any Court intervention. However, at this time, in addition to the amended damages claim and supporting cost documentation explained above, the Government has not obtained all of the documents that it considers necessary to complete its expert witness and audit reports, or depositions of fact and expert witnesses, in this matter.

The Government's most imminent concern is the pending February 1, 2008 deadlines for the Government to submit its expert witness reports and audit report in response to Consumers' damages claim, as well as the February 28, 2008 deadline to depose plaintiff's expert witnesses. Simply put, given the current status of Consumers' discovery responses and the substantial factual discovery that remains to be completed, the Government cannot meet the deadlines to submit its own audit report and expert witness reports and depose plaintiff's expert witnesses.

Based upon the experience gained in numerous other spent nuclear fuel cases litigated to date, it is critical for the Government to obtain adequate factual discovery, in the form of both document productions and fact depositions, to prepare for depositions of plaintiff's expert witnesses and to allow the Government's own expert witnesses to prepare their expert reports and audit report. An enlargement of the deadline for the Government to submit its own expert witness and audit reports and an enlargement of the deadline to depose plaintiff's expert witnesses would not prejudice the plaintiff, as expert and fact discovery will still be completed within a reasonable time frame and because the Court has not yet scheduled a trial date.

Finally, the request for enlargement of the discovery deadlines would accommodate the

Government's obligations in other spent nuclear fuel cases. In 2008 alone, the Government is scheduled to proceed to trial in three spent nuclear fuel cases, including two trials before this Court: Dominion Resources, Inc. and Virginia Electric and Power Company v. United States, No. 04-0084, and Dominion Resources, Inc. and Dominion Nuclear Connecticut, Inc. v. United States, No. 04-0083 (Judge Bruggink), scheduled for trial in May 2008; Dairyland Power Cooperative v. United States, No. 04-0106 (Chief Judge Damich), scheduled for trial in July 2008, and Energy Northwest v. United States, No. 04-0010 (Chief Judge Damich), scheduled for trial in October 2008. The Government also has seven cases pending before the United States Court of Appeals for the Federal Circuit involving issues relevant to the spent nuclear fuel litigation, including this case: (1) Nebraska Public Power District v. United States, No. 2007-5083 (argued December 3, 2007); (2) the consolidated cases of Yankee Atomic Electric Co. v. United States, No. 2007-5025, -5031; Connecticut Yankee Atomic Power Co. v. United States, No. 2007-5027, -5033; and Maine Yankee Atomic Power Co. v. United States, No. 2007-5026, -5032 (oral argument scheduled for February 4, 2008); (3) Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5097 (oral argument scheduled for February 4, 2008); (4) Pacific Gas & Electric Co. v. United States, Nos. 2007-5046, -5104 (oral argument scheduled for February 4, 2008); (5) Southern Nuclear Operating Co. v. United States, No. 2008-5028; (6) Delmarva Power & Light Co. v. United States, No. 2008-5010; and (7) System Fuels, Inc. v. United States, No. 2008-5025.

At this point, the Government is awaiting the production of critical documents from the plaintiff. The Government seeks a reasonable enlargement of the entire discovery schedule to permit an adequate and manageable amount of time for both fact and expert discovery. Considering the discovery that has occurred to date, and to accommodate a reasonable amount of

time to complete discovery, particularly in light of the fact that a trial date has not yet been scheduled for this case, an extension of the discovery schedule is appropriate and reasonable.

For the foregoing reasons, we respectfully request that the Court grant this motion for an enlargement of the deadlines in the Court's June 25, 2007, scheduling order, and adopt our proposed revised discovery schedule included in this motion.

Respectfully submitted,

JEFFREY S. BUCHHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20580

JOSHUA GARDNER
STEPHEN FINN
Trial Attorneys
U.S. Department of Justice
1100 L Street, N.W.
Washington D.C. 20530

s/ Scott R. Damelin
SCOTT R. DAMELIN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-2312
Fax: (202) 307-2503

January 17, 2008

Attorney for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 17, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF DEADLINES IN THE COURT'S SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott R. Damelin