# In the United States Court of Federal Claims

No. 02-1894 C
(Filed: February 8, 2008)

****************************************

**CONSUMERS ENERGY COMPANY,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

****************************************

**ORDER FOR SUPPLEMENTAL BRIEFING**

The Court has concluded that supplemental briefing is required to assist in the consideration of Defendant's Renewed Motion to Dismiss Count III of Plaintiff's Complaint. In particular, the Court notes that Plaintiff has alleged two kinds of takings claims–one in regard to contract rights and one in regard to real property–the latter of which this Court does not believe either party has sufficiently addressed. *See* Compl. ¶¶ 40-46. The Plaintiff is consequently directed to prepare a brief on the following issues:

1. To what extent do the provisions of the Nuclear Waste Policy Act of 1982 ("NWPA"), 42 U.S.C. §§ 10101-10270, regulating nuclear utilities' ability to independently dispose of spent nuclear fuel and high-level radioactive waste amount to a taking given how the Act conditions the issuance or renewal of such utilities' licenses under 42 U.S.C. §§ 2133-2134 on entry into the Standard Contract or a similar agreement? *See* 42 U.S.C. §§ 10151, 10222. In short, the Court requires a more detailed and narrowly focused argument on how the statute requires Plaintiff to use its land other than as it would use it in the absence of the statute. The Court is specifically interested in the relevance, or lack thereof, of *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), and the applicability of either one or more of the "tests" the United States Supreme Court has established for determining whether a taking occurred (e.g. *Loretto*, *Lucas*, *Penn Central*). The Court also encourages the parties to present persuasive authority to the extent that binding case law does not apply to the facts this question implicates.

2. To what extent would a claim for damages stemming from Plaintiff's allegation of a taking of real property overlap with the currently pending claim for damages in regard to Defendant's liability for partial breach of the Standard Contract?

Because this supplemental briefing concerns a motion for judgment on the pleadings, the Court will not consider arguments based on matters outside the pleadings. *See* Rules of the Court of Federal Claims 12(b), (c). The Court ORDERS Plaintiff to submit a brief of no longer than ten (10) pages on or before **Friday, February 22, 2008**. The Defendant may file a brief in response of no longer than ten (10) pages on or before **Friday, March 7, 2008**.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge