IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-1894C<br>(Chief Judge Damich) |

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully submits this notice of supplemental authority to bring the Court's attention the recent decision in Consolidated Edison Co. of New York v. United States, Nos. 03-2661C and 04-33C (Fed. Cl.), another spent nuclear fuel case before the United States Court of Federal Claims.

As the Court is aware, on June 25, 2008, we filed a motion in this case seeking to join Entergy Nuclear Palisades, LLC ("ENP"), as a party in this case or, in the alternative, to issue binding notice pursuant to 41 U.S.C. § 114(b) and RCFC 14(b) to ENP, given ENP's status as the purported assignee of Consumers' contract, the partial breach of which forms the basis of this action. The Consolidated Edison case also involves a plaintiff assignor, and we filed a motion in that case to join the assignee of the contract at issue there as a party to the case. The Court's published September 3, 2008 decision in Consolidated Edison supports the Government's position in this case that there is substantial risk of duplicative or inconsistent obligations in situations in which the assignor of a Standard Contract asserts damages for partial breach, including diminished value claims that overlap with the purported prospective incurred-cost claims of the assignee.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Scott R. Damelin by Stephen Finn
SCOTT R. DAMELIN
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-2312
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
Senior Trial Counsel

JOSEPH E. ASHMAN
STEPHEN FINN
SHARON SNYDER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

September 8, 2008

# APPENDIX

# In the United States Court of Federal Claims

Nos. 03-2622C and 04-33C

(Filed: September 3, 2008)

| | | |
|---|---|---|
| ************************************ | * | |
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., | * | |
| and | * | Spent Nuclear Fuel Cases; Motion for Joinder Under RCFC 19(a); Necessary Party; Substantial Risk of Inconsistent Obligations. |
| ENTERGY NUCLEAR INDIAN POINT 2, LLC, | * | |
| Plaintiffs, | * | |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |
| ************************************ | * | |

*David Churchill*, with whom were *Cynthia J. Robertson*, Jenner & Block LLP, Washington D.C., and *Richard J. Giglio*, Assistant General Counsel, New York, New York, Of Counsel, for Plaintiff Consolidated Edison Company of New York, Inc.

*Alex D. Tomaszczuk*, with whom were *Jay E. Silberg, Daniel S. Herzfeld,* and *Jack Y. Chu*, Pillsbury Winthrop Shaw Pittman LLP, McLean Virginia, and *L. Jager Smith*, Wise Carter Child & Caraway, P.A., Jackson, Mississippi, Of Counsel, for Plaintiff Entergy Nuclear Indian Point 2, LLC.

*Patrick B. Bryan*, with whom were *Gregory G. Katsas,* Assistant Attorney General, *Jeanne E. Davidson,* Director, and *Harold D. Lester, Jr.,* Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington D.C., *Joseph E. Ashman, Scott R. Damelin,* and *Stephen Finn,* Department of Justice, and *Jane K. Taylor,* U.S. Department of Energy, Of Counsel, for Defendant.

OPINION AND ORDER ON DEFENDANT'S MOTION FOR JOINDER

WHEELER, Judge.

In these spent nuclear fuel cases, Consolidated Edison Company of New York, Inc. ("ConEd") and Entergy Nuclear Indian Point 2, LLC ("Entergy") have claims arising from the Department of Energy's breach of contract at the Indian Point 2 Nuclear Power Station ("Indian Point 2") in Buchanan, New York. ConEd sold Indian Point 2 to Entergy on September 6, 2001. Before the Court is Defendant's June 2, 2008 motion under Rule 19(a) of the Court of Federal Claims ("RCFC") to join the claims of ConEd and Entergy for trial and decision. Defendant asserts that the claims of ConEd and Entergy overlap, and that if ConEd and Entergy both prevail, Defendant will be required to pay twice for the same damages. ConEd and Entergy oppose Defendant's motion. Both of these cases are before the undersigned.

For the reasons explained below, the Court finds that ConEd's and Entergy's claims present "a substantial risk" to Defendant of "incurring double, multiple, or otherwise inconsistent obligations." RCFC 19(a)(2)(ii). Accordingly, Defendant's motion for joinder is GRANTED, and these matters shall be joined for trial and decision.

Background

The ConEd and Entergy claims arise from the failure of the Department of Energy ("DOE") to fulfill its contractual obligations to collect and dispose of spent nuclear fuel from Indian Point 2. From the 1960s through September 6, 2001, ConEd owned the Indian Point nuclear electric generating facilities, which included Indian Point 2. Pursuant to the Nuclear Waste Policy Act of 1982, 42 U.S.C. §§ 10101-10270 (2006), DOE entered into a Standard Contract with ConEd requiring DOE to begin accepting and disposing of spent nuclear fuel from the facilities by January 31, 1998, in return for ConEd's payment of fees into a Nuclear Waste Fund. On September 6, 2001, ConEd sold Indian Point 2 to Entergy and assigned its DOE Standard Contract to Entergy as part of the transaction. Both ConEd and Entergy have paid, and Entergy continues to pay, substantial fees in return for DOE's promise to remove and dispose of spent nuclear fuel. However, DOE breached its obligations under the Standard Contract and has not commenced removal of any spent nuclear fuel at Indian Point 2 to this day.

On November 5, 2003, Entergy brought suit in this Court to recover damages against the United States for DOE's breach of contract, and the case was assigned randomly to Judge Charles F. Lettow pursuant to RCFC 40.1. ConEd brought its suit in this Court on January 13, 2004, and the case was assigned to Senior Judge Eric G. Bruggink. After the filing of

Defendant's Notice of Directly Related Cases on August 5, 2004, Judge Bruggink transferred the ConEd case to Judge Lettow. On December 7, 2005, Judge Lettow transferred the ConEd and Entergy cases to the undersigned.

Defendant has made three previous motions to consolidate the ConEd and Entergy cases under RCFC 40.2(a), all of which were denied. In those motions, Defendant asserted that the cases shared common issues of fact and law and that consolidation would promote judicial economy and eliminate the risk of awarding inconsistent judgments. Judge Lettow twice denied the motion, largely based on the "divergent procedural posture of the cases." See Order at 8, Nov. 4, 2004. As of this November 2004 Order, the parties in the Entergy case had begun briefing on cross-motions for summary judgment, while the parties in the ConEd case had not progressed beyond the filing of the complaint. Id. The Court denied Defendant's "renewed suggestion" for consolidation in a January 23, 2006 Scheduling Order. Scheduling Order ¶ 4, Jan. 23, 2006.

Defendant has now filed a motion for joinder under RCFC 19(a), arguing that failure to join the ConEd and Entergy claims in one proceeding subjects the Government to a substantial risk of inconsistent obligations and payment of duplicative damages. Def.'s Mot. for Joinder at 9, June 2, 2008. Defendant contends that expert reports recently submitted by both ConEd and Entergy demonstrate that the parties share overlapping theories of damages, rendering joinder mandatory. Id. at 2. According to Defendant, ConEd previously had represented that its theory of damages was not that "[Entergy] paid less" for Indian Point 2, but that the market for nuclear generation facilities was "depressed." Id. However, ConEd's February 11, 2008 expert report by John Reed allegedly discounts the depressed market approach and embraces a theory directly attributing ConEd's loss to Entergy's gain. Id.[1]

For its part, Entergy seeks the actual costs incurred in storing spent nuclear fuel beyond the costs that it would have incurred if DOE had begun performance of its contractual obligations in 1998. Id. at 3. Defendant asserts that Entergy recovered these damages in its receipt of a risk assessment payment in the acquisition of Indian Point 2, and has been compensated further through the diminished price it paid for the facility. Id. Absent joinder, Defendant states that it faces a substantial risk of paying duplicative damages and incurring

[1] Defendant asserts that Mr. Reed specifically attributes ConEd's damages to Entergy's (1) requirement of a "risk premium" in the cost of capital for Indian Point 2, (2) added costs from having to finance the acquisition through use of equity rather than a mix of debt and equity, and (3) inclusion of higher decommissioning costs, all as a result of DOE's delay in performing its obligations to collect and dispose of spent nuclear fuel under the Standard Contract. Def.'s Mot. for Joinder at 3, June 2, 2008.

inconsistent obligations because both plaintiffs seek damages for the same costs at Indian Point 2. Id. If both plaintiffs prevail, Defendant asserts that it may pay the same damages twice.

In the alternative to its motion for joinder, Defendant requests the Court to issue notice to Entergy to appear and assert its interest in this action under RCFC 14(b) and 41 U.S.C. § 114(b). Id. at 21. Defendant argues that Entergy has a substantial interest in the outcome of the ConEd case and must appear or be forever barred from raising any related claims. Id. at 19.

ConEd opposes Defendant's motion. In its response, ConEd rejects Defendant's argument that it faces a risk of duplicative damages and claims Defendant has misconceived its theory of damages. ConEd Resp. to Def.'s Mot. for Joinder at 1, June 19, 2008.[2] ConEd asserts two categories of damages: (1) the diminution in value of the Indian Point 2 facility at the time of sale, and (2) pre-sale storage costs. Id. at 2, 6. According to ConEd, the measurement of its diminished value claim does not stem from Entergy's gain, but rather from the fair market value ConEd would have received in a fully competitive auction. Id. at 2.

ConEd also refutes Defendant's contention that the submission of Mr. Reed's expert report changes ConEd's theory of damages. Id. at 5. According to ConEd, Mr. Reed found that Entergy did not include in its purchase valuation of Indian Point 2 any post-sale storage costs, and therefore, ConEd does not seek any damages directly stemming from Entergy's expenditures. Id. at 5-6. Thus, the ConEd storage costs incurred prior to closing do not overlap with Entergy's claim for post-closing storage costs. Id. at 7. Further, ConEd emphasizes that Defendant ignored other expert opinions establishing that DOE's breach of contract depressed the market for sale of nuclear power plants rather than simply lowering Entergy's bid price. Id. at 5, 7.

Entergy opposes Defendant's motion on similar grounds. See Entergy Resp. to Def.'s Mot. for Joinder at 2, August 5, 2008. After the filing of plaintiffs' opposition briefs, Defendant submitted a reply and supplemental brief, and ConEd filed a supplemental response. The Court heard oral argument on Defendant's motion on August 22, 2008.

---

[2] ConEd also argues that joining ConEd's and Entergy's claims would prejudice ConEd with needless expense and effort to participate in Entergy's trial. ConEd Resp. to Def.'s Mot. for Joinder at 1, June 19, 2008. The Court notes that RCFC 19(a) does not include prejudice as a relevant factor in determining issues of joinder, and therefore, the Court will not further address this argument.

Discussion

A. Joinder Under RCFC 19(a)

The determination of whether Entergy must be joined as a necessary party under RCFC 19(a) requires a two-step analysis. United Keetowah Bank of Cherokee Indians of Okla. v. United States, 480 F.3d 1318, 1324 (Fed. Cir. 2007); J.G.B. Enters., Inc. v. United States, 57 Fed. Cl. 415, 416 (2003) (citing Brown v. United States, 42 Fed. Cl. 538, 563 (1998)). "First, under RCFC 19(a), the court must determine whether the absent party is 'necessary.'" United Keetowah, 480 F.3d at 1324. "A 'necessary' party must be joined in the action if it is feasible to do so." J.G.B. Enters., Inc., 57 Fed. Cl. at 416 (citing RCFC 19(a)).

A party is deemed necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made an involuntary plaintiff.[3]

United Keetowah, 480 F.3d at 1324 (citing RCFC 19(a)).

If the party sought to be joined is found "necessary" but joinder is infeasible, the second step of the analysis asks whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Id. (citing RCFC 19(b)). The Court does not need to address RCFC 19(b) because the parties do not dispute that joinder is feasible. Def.'s Mot. for Joinder at 4 n.3.

---

[3] Two additional criteria not at issue in this case require that necessary parties be "subject to service of process" and that joinder "not deprive the court of jurisdiction over the subject matter of the action[.]" RCFC 19(a).

The parties do not dispute that complete relief can be accorded without joining Entergy as a party under RCFC 19(a)(1). Similarly, Defendant does not claim that failure to join Entergy would impair Entergy's ability to protect its interest in the ConEd case under RCFC 19(a)(2)(i). Rather, Defendant's entire argument simply is that nonjoinder of Entergy would expose the Government to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" under RCFC 19(a)(2)(ii).

As a preliminary matter, RCFC 19(a)(2)(ii) requires the absent party to claim an "interest relating to the subject" of the pending action. RCFC 19(a)(2). The Federal Circuit recently held in United Keetowah that the absent party must show that its interest in the subject matter of the underlying action is not "'indirect or contingent' but is 'of such a direct and immediate character that the [absent party] will either gain or lose by the direct legal operation and effect of the judgment.'" 480 F.3d at 1324.

Both ConEd and Entergy argue that Entergy does not share an interest in the ConEd case, citing differing facts and legal theories between the two cases. However, ConEd and Entergy misconstrue the meaning of "interest" as defined in United Keetowah. Entergy certainly has a direct and immediate interest in whether this Court awards damages to ConEd because such a decision could affect Entergy's ability to recover its own mitigation damages if the Court concludes that awarding them would result in a double payment. The potential for double payment is the crux of Defendant's concern, which neither ConEd nor Entergy has rebutted effectively.

Defendant has demonstrated that it faces a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" in the two cases. RCFC 19(a)(2)(ii). RCFC 19(a)(2)(ii) does not require that nonjoinder *necessarily* subject the absent party to risk of inconsistent obligations. Moore's Federal Practice 3d § 19.03[4][c] (3d ed. 2008). However, the plain language of the rule makes clear that the absent party must face a *substantial* risk of inconsistent obligations and not a mere possibility of risk, as Defendant proffers. See Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, 895 F.2d 116, 122 (3d Cir. 1990); A.J. Kellos Constr. Co. v. Balboa Ins. Co., 495 F. Supp. 408, 414 (S.D. Ga. 1980), rev'd on other grounds, 661 F.2d 402 (5th Cir. 1981).

While the damages in the ConEd and Entergy cases may or may not ultimately overlap, the recent submission of ConEd's expert reports raises more than a mere possibility that the Government could face inconsistent obligations. At least one of the reports allegedly discounts the depressed market approach to damages and directly attributes ConEd's loss to Entergy's gain. This development could pose a change in ConEd's theory of damages from when Judge Lettow considered Defendant's motion for consolidation in November 2004, which he denied partly on the grounds of ConEd's and Entergy's divergent theories of recovery. See Order at 8, Nov. 4, 2004.

Case 1:02-cv-01894-TCW Document 164 Filed 09/08/2008 Page 10 of 11

Finally, the Court emphasizes the difference between Defendant's pending motion for joinder under RCFC 19(a) and the previous motions for consolidation under RCFC 42(a). Unlike consolidation, which the Court treats as a discretionary matter, the Court *must* order joinder if it deems the absent party necessary, and if joinder is feasible. A motion for joinder does not require the Court to weigh factors of judicial economy, convenience, or prejudice to the parties. Even so, the Court notes that the divergence in the procedural postures of the ConEd and Entergy cases has narrowed significantly since Judge Lettow's November 4, 2004 denial of Defendant's motion for consolidation. At present, the closure of discovery in the two cases is only four months apart. Joinder of the parties, therefore, is practical at this time.

In light of the substantial risk of multiple or inconsistent obligations to Defendant, the Court concludes that Entergy is a necessary party and grants Defendant's motion for joinder under RCFC 19(a).

B. Notice under RCFC 14(b) and 41 U.S.C. § 114(b)

In the alternative, Defendant requests the Court to issue notice to Entergy to appear and assert or defend its interests under RCFC 14(b) and 41 U.S.C. § 114(b). Given the Court's order granting joinder, the Court need not consider Defendant's alternate position.

Conclusion

Based on the foregoing, Defendant's motion for joinder is GRANTED. The Court will confer with counsel for the parties to establish a mutually agreeable time for trial, and the procedures to be followed in a trial involving three parties.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge

CERTIFICATE OF FILING

I hereby certify that on the 8th of September, 2008, a copy of the foregoing "DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Stephen Finn