**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| | ) | COFC No. 02-1894-C |
| Plaintiff, | ) | (Chief Judge Damich) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSUMERS ENERGY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES**

Thomas O. Mason
Williams, Mullen, Clark & Dobbins
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200

Jeffrey S. Theuer (P44161)
Loomis, Ewert, Parsley, Davis & Gotting, P.C.
124 West Allegan, Suite 700
Lansing, MI 48933
(517) 482-2400

Harvey J. Messing (P23309)
Miller, Canfield, Paddock & Stone, PLLC
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4963
Attorneys for Plaintiff

OF COUNSEL:
James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151

September 8, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

I. COUNTER-STATEMENT OF ISSUES ....................................................................1

II. STATEMENT OF CASE .........................................................................................1

III. ARGUMENT..........................................................................................................4

IV. CONCLUSION ......................................................................................................13

## TABLE OF AUTHORITIES

**Cases** **Page Number(s)**

*Boston Edison Co v. United States*, 80 Fed. Cl. 468 (2008) .......... 5, 6

*Carolina Power & Light Co. v. United States*, 82 Fed. Cl. 23 (2008) .......... 5, 6

*Consumers Energy Co. v United States*, 57 Fed. Cl. 278 (2003) .......... 3

*Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005) .......... 5, 6

*Northern States Power Co. v. United States*, 78 Fed. Cl. 449, 464 (2007) .......... 5, 6

*Pacific Gas & Electric Co. v. United States*, 73 Fed. Cl. 333 (2006) .......... 5, 6

*Pacific Gas & Electric Co. v. United States*, No. 07-5046 (Fed. Cir. Aug. 7, 2008) .......... 3, 4, 11, 12, 13

*Sacramento Municipal Utility District v. United States*, 63 Fed. Cl. 495, 501 (2005) .......... 5, 6

*Sacramento Municipal Utility District*, Nos. 07-5052, 5097 (Fed. Cir. Aug. 7, 2008) .......... 3, 4, 11, 12, 13

*Southern Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396 (2007) .......... 5, 6

*System Fuels, Inc. v. United States*, 79 Fed. Cl. 37 (2007) .......... 5, 6

*Tennessee Valley Authority v. United States*, 69 Fed. Cl. 515 (2006) .......... 5, 6

*Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249 (2006) .......... 5, 6

*Yankee Atomic Electric Co. v. United States*, Nos. 07-5025, 5026, 5027, 5031, 5032, 5033 (Fed. Cir. Aug. 7, 2008) .......... 3, 4, 11, 12, 13

**Statutes/Regulations** **Page Number(s**

10 CFR Part 961....................................................................................................................3

41 U.S.C. §114(b) ...............................................................................................................4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSUMERS ENERGY COMPANY, | ) | |
| | ) | |
| | ) | COFC No. 02-1894-C |
| Plaintiff, | ) | (Chief Judge Damich) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CONSUMERS ENERGY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES</u>**

On August 21, 2008, Defendant United States of America, Department of Energy ("DOE" or the "government") filed a Motion to Coordinate Discovery and Develop a Litigation Plan for the Spent Nuclear Fuel Cases ("Defendant's Motion") in every pending SNF case. Plaintiff Consumers Energy Company ("Consumers Energy") files this Response to Defendant's Motion and respectfully requests that this Court deny Defendant's Motion with prejudice.

## I. <u>COUNTER-STATEMENT OF ISSUES</u>

1. Whether a coordinated discovery and litigation plan should be instituted for all pending and future SNF cases.

   Plaintiff Consumers Energy Answers: No, as to Consumers Energy's case.

## II. <u>STATEMENT OF CASE</u>

On June 3, 1983, following publication of the Standard Contract, Consumers Energy executed its own version of the Standard Contract with DOE for the disposal of Consumers Energy's SNF beginning "not later than January 31, 1998" and continuing thereafter until the disposal of all such materials was complete. Consumers Energy was, until April 11, 2007, the owner of the Big Rock Point Nuclear Plant ("Big Rock") located in Charlevoix, Michigan and the Palisades Nuclear

Plant ("Palisades"), located near Covert, Michigan.

The operating licenses for Big Rock and Palisades were issued by the Atomic Energy Commission ("AEC") in 1962 and 1971, respectively, making them among the oldest nuclear plants in the country. Big Rock was permanently shut down in August, 1997. All of Big Rock's SNF has been transferred to dry cask storage at the Big Rock site and the power generation facility has been dismantled and removed. The independent spent fuel storage installation ("ISFSI") on which the SNF is located, and a few support and security buildings, are all that is left on the 500-plus acre site, which sits on valuable Lake Michigan waterfront property. The SNF generated by Palisades is being stored in a spent fuel pool and in dry cask storage at the Palisades site. The Palisades plant is operational and continues to generate SNF. On April 11, 2007, Consumers Energy sold its nuclear assets to Entergy Nuclear Palisades. These assets included the operational Palisades Nuclear Plant, and approximately 107 acres of the Big Rock site on which the ISFSI and all Big Rock SNF are located, as well as the SNF itself. Consumers Energy retained ownership of the remaining approximately 436 acres of real property at Big Rock.

Consumers Energy has incurred interim storage costs for SNF through the date of the Asset Sale which should have been accepted, transported and disposed of by the government beginning on January 31, 1998. Consumers Energy paid, and continued to pay through the date of the Asset Sale, fees to the Nuclear Waste Fund ("NWF") for permanent disposal and other services which are not being provided by the DOE. Consumers Energy was also unable to make use of its real property on which interim storage facilities are located, and the value of the unsold Big Rock real property is substantially reduced by the continuing existence of SNF near the site.

On December 16, 2002, as a result of the DOE's failure to comply with its statutory and

contractual obligations, Consumers Energy filed its Complaint in this case. On July 1, 2003, this Court granted partial summary judgment in favor of Consumers Energy on liability for the government's partial breach of the Standard Contract. *See Consumers Energy Co. v United States*, 57 Fed. Cl. 278 (2003). This case is unique in several important respects. It involves two nuclear plants, one of which is operational and one is shut down and dismantled. It also involves a sale of the nuclear assets during the litigation. For these reasons, and because damages are different in each case, SNF cases in general, and this case in particular, have never been good candidates for consolidation or coordination. Liability may be based on a common document, but damages can only be determined by reviewing the unique features of each plant, the choices made by each plant in mitigation of damages, and the accounting and facility records supporting each category of damages. To the extent there were common legal issues, most have now been resolved by the Federal Circuit decisions issued on August 7, 2008 in *Yankee Atomic Electric Co. v. United States*, Nos. 07-5025, 5026, 5027, 5031, 5032, 5033 (Fed. Cir. Aug. 7, 2008), *Pacific Gas & Electric Co. v. United States*, No. 07-5046 (Fed. Cir. Aug. 7, 2008), and *Sacramento Municipal Utility District*, Nos. 07-5052, 5097 (Fed. Cir. Aug. 7, 2008). SNF cases are now largely damages cases, which are dependent on the facts and costs incurred at each separate plant, making consolidation or coordination inappropriate.

Defendant has made numerous unsuccessful attempts to consolidate SNF cases since the Complaint was filed in this case. On or about February 14, 2003, Defendant filed a Motion for Leave to File its Motion to Renew Consideration of the United States' Motion to the Chief Judge to Reassign to a Single Judge Cases Involving Alleged Breaches of the Standard Contract published at 10 CFR Part 961 ("Motion for Leave"). This was apparently a follow-up to another motion filed

before the Consumers Energy Complaint. In its Motion for Leave, Defendant argued that consolidation of all SNF cases was required because of common factual and legal issues related to the schedule and rate of acceptance for SNF and high-level nuclear waste ("HLW") by the government for each contract holder. In addition, Defendant moved for a 41 U.S.C. §114(b) notice to be issued to all Standard Contract holders so that Defendant could avoid re-litigating allegedly the same issues in several trials. Plaintiff opposed the Motion for Leave, as did plaintiffs in other SNF cases. On or about July 29, 2003, Defendant filed its Second Motion to Renew its Motion to Consolidate, which motion again requested a §114(b) notice be issued to all Standard Contract holders. In both Motions, Defendant relied on many of the same arguments and authority recycled and cited in Defendant's instant Motion. On January 30, 2004, this Court denied the Second Motion to Renew and all previously-filed motions on the same issues. Defendant's instant Motion attempts to revive its past failed arguments. Given the recent Federal Circuit opinions in *Yankee Atomic*, *PG&E*, and *SMUD*, cited above, the grounds for consolidation are now even more tenuous than when originally proposed. Certainly any argument for consolidation or coordinated case management based on acceptance rate or schedule issues must fail since those issues have now been resolved by the Federal Circuit.

## III. ARGUMENT

### A. A Joint Litigation Plan Will Not Lead to Greater Efficiency or a Faster Resolution.

The Defendant's Motion seeks to force 46 pending SNF cases into one joint discovery and litigation plan. By the government's own admission, 27 of these cases are currently stayed, and have not progressed much, if at all, past the filing of the initial pleadings. Defendant's Motion, at 8. Presumably, the remaining 19 cases are all at different stages in the litigation process and more

specifically in the discovery process. These differences in the procedural status of the cases will create inequity if they are subjected to a coordinated discovery process, particularly in this case where the parties have already undertaken significant discovery, and Plaintiff Consumers Energy has produced expert reports, but is awaiting expert reports from the government.

Defendant's contention that "[a]ll of the SNF cases before this Court turn on common issues of fact and law," Defendant's Motion at 6, is significantly overstated. While the basis for liability is a Standard Contract executed by all nuclear utilities, the damage claims which form the basis of most of the disputed issues in these SNF cases vary widely by cause of action and by cost category as between the various plaintiffs. All SNF plaintiffs are not pursuing the same causes of action. Some SNF plaintiffs have asserted claims for unconstitutional taking, others have not. Some plaintiffs have asserted claims for alleged breach of the duty of good faith and fair dealing, others have not.

The types of cost categories vary to an even greater degree, and are dependent on the specific facts involved in each case. There is no reasonable way to coordinate discovery or pre-trial proceedings over such a diversity of disputed issues, particularly when they are already at different stages of discovery. By way of illustration, re-racking costs were claimed as damages in many,[1] but not all,[2] of the SNF cases for which trial opinions have been issued. Some plaintiffs sought damages

---

[1] *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005); *Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249 (2006); *Southern Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396 (2007); *System Fuels, Inc. v. United States*, 79 Fed. Cl. 37 (2007); *Northern States Power Co. v. United States*, 78 Fed. Cl. 449 (2007); *Boston Edison Co v. United States*, 80 Fed. Cl. 468 (2008); and *Carolina Power & Light Co. v. United States*, 82 Fed. Cl. 23 (2008).

[2] *Tennessee Valley Authority v. United States*, 69 Fed. Cl. 515 (2006); *Sacramento Municipal Utility District v. United States*, 63 Fed. Cl. 495 (2005); *Pacific Gas & Electric Co. v.*

based on efforts at developing a private fuel storage site,[3] some were not involved in private fuel storage development.[4] Some plaintiffs sought recovery of internal labor charges,[5] others did not.[6] Damages claims do not overlap uniformly between SNF cases. Some will require substantially more and complex discovery than others. The added complexity of managing discovery in all cases across a broad and divergent spectrum of damages issues would only increase inefficiency as compared with separate scheduling orders tailored to the facts and issues in dispute in each case.

With regard to this case, Consumers Energy's claims have been pending against the government for almost 6 years. Plaintiff's Initial Disclosures, including expert reports, were served on December 31, 2006. DOE's attorneys have already taken 20 depositions involving 25 different individual witnesses. Hundreds of thousands of pages and images of discovery materials have been produced to the government in response to its discovery requests. Consumers Energy has also

---

*United States*, 73 Fed. Cl. 333 (2006).

[3]*Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005); *Pacific Gas & Electric Co. v. United States*, 73 Fed. Cl. 333 (2006); *Southern Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396 (2007); *Northern States Power Co. v. United States*, 78 Fed. Cl. 449 (2007).

[4]*Tennessee Valley Authority v. United States*, 69 Fed. Cl. 515 (2006); *Sacramento Municipal Utility District v. United States*, 63 Fed. Cl. 495 (2005); *Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249 (2006); *System Fuels, Inc. v. United States*, 79 Fed. Cl. 37 (2007); *Boston Edison Co v. United States*, 80 Fed. Cl. 468 (2008); *Carolina Power & Light Co. v. United States*, 82 Fed. Cl. 23 (2008).

[5]*Tennessee Valley Authority v. United States*, 69 Fed. Cl. 515 (2006); *Sacramento Municipal Utility District v. United States*, 63 Fed. Cl. 495 (2005); *Southern Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396 (2007); *System Fuels, Inc. v. United States*, 79 Fed. Cl. 37 (2007); *Carolina Power & Light Co. v. United States*, 82 Fed. Cl. 23 (2008).

[6]*Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005); *Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249 (2006); *Pacific Gas & Electric Co. v. United States*, 73 Fed. Cl. 333 (2006); *Northern States Power Co. v. United States*, 78 Fed. Cl. 449 (2007); *Boston Edison Co v. United States*, 80 Fed. Cl. 468 (2008).

responded to 2 sets of written discovery propounded by Defendant, and provided further documents and information requested in multiple items of correspondence. Further, because Consumers Energy's case involves both an active and a closed plant, and a sale during the litigation, there are issues in dispute in this case which are not at issue in most SNF cases.

Requiring a plaintiff like Consumers Energy to now follow the same discovery schedule as a plaintiff who has not yet even filed its expert reports or detailed claim against the government, as Defendant's Motion suggests, is nonsensical and would lead to even greater inefficiency among the SNF cases. Having nearly completed its own discovery in this case, the government would now unfairly limit Consumers Energy's ability to engage in its own discovery within the agreed and existing scheduling order. Further, the anticipated procedures under Defendant's Motion allow the government alone to suggest a schedule for each case, including trial. Defendant's real concern seems to be the many cases which have been stayed and are likely soon to become active. This concern does not support Defendant's request with regard to Consumers Energy. The process in the instant case has not been "burdened by the lack of an organized process" as Defendant characterizes SNF cases generally. Defendant's Motion, at 4. In this case the parties have been operating under an agreed scheduling order, sometimes modified by agreement, in order to proceed to trial in the most efficient manner possible.

Further, Consumers Energy has already provided Defendant with its damage claim and its expert reports. In fact, the government has already deposed all of Plaintiff's expert witnesses. The government has not yet, however, provided its expert reports to Consumers Energy. This means that any coordination of Consumers Energy's case would be done on an unequal basis given the current status of discovery.

While the Rules of the U.S. Court of Federal Claims give the Court authority to issue orders coordinating discovery between pending cases, such an order in this case would not serve the stated purposes of the court rules of speedy and efficient resolution of cases. Nor would such an order be fair given the status of discovery in this case.

**B. Concerns of Plaintiffs Coordinating with Other Plaintiffs' Counsel or Judge Shopping Do Not Apply to Consumers Energy.**

As has been previously alleged by Defendant and is alleged again in Defendant's Motion, the government claims that the various firms representing SNF plaintiffs are working together against the government, even referring to it somewhat dramatically as a "discovery onslaught." Defendant's Motion, at 13. Defendant goes as far as to allege that some plaintiffs' counsel have judge-shopped and coordinated their efforts to create more work for the government's counsel. *Id.*

None of these allegations can be properly made against Consumers Energy or its counsel. In fact, none are made directly against Consumers Energy. The government produces absolutely no evidence in its Motion of any alleged coordination by Consumers Energy with any other SNF plaintiff. The government cites no instance of "judge shopping" by Consumers Energy. The government cites no instance of duplicative discovery involving Consumers Energy.

Counsel for Consumers Energy is not part of any such alleged coordination. Consumers Energy's counsel does not represent any other SNF plaintiff, and Consumers Energy did not participate in the coordinated discovery ordered before Consumers Energy's case was filed. Consumers Energy had only one contract to enforce and cannot engage in alleged judge-shopping based on other cases or shared representation. Consumers Energy has and will continue to conduct only the discovery necessary to prove its claims against DOE.

While Defendant asserts that a coordinated process is necessary to avoid unfairness to the

government, the reality is that Defendant is the breaching party, and has often used information, legal argument, and legal positions from other cases in order to obtain advantages of efficiency in this case. The fact that government witnesses have undergone repeated depositions should be no surprise in light of the sheer number of contracts the government willfully breached and the fact that the government continues to delay its contractually required performance of removing SNF now by the government's own admission until at least 2020. Defendant's Motion, p. 6. Further, it is Consumers Energy which must conduct discovery at a disadvantage in that the government's witnesses are now experienced deponents, and the government's motions from other cases can be recycled with minimal additional effort in this case.

The issue of repetitive discovery of government witnesses is best addressed on a case-by-case basis through stipulations as to the admissibility of prior deposition testimony, and requests for limited additional testimony. The allegation concerning the burden of repetitive depositions by government witnesses is particularly disingenuous. The government complains that it has been forced to defend 129 days of fact witness depositions involving 89 separate witnesses in all SNF cases (Defendant's Motion, at 14), yet the government has managed to find the resources to take over 25 days of fact and expert witness depositions involving 20 separate witnesses from Consumers Energy witnesses in this case alone![7] In many of those depositions, the government brought multiple litigation consultants and sometimes even multiple attorneys. If the government can marshal resources of this magnitude in a single case when it is to the government's advantage, the government's argument concerning the burden of defending discovery by plaintiffs appears to be

[7]See Appendix A showing depositions conducted by the government of Consumers Energy's witnesses and experts in the Consumers Energy case to date. This discovery has not been completed and additional depositions are scheduled of Consumers Energy witnesses.

based on convenience, rather than any real need to limit discovery. Defendant's Motion provides no staffing analysis which would suggest that the government cannot adequately defend these cases.

The government's proposed process is one-sided in that the government controls the process, and is an unwarranted cookie-cutter solution which could and likely will prevent full and fair discovery in very different SNF cases. Consumers Energy respectfully requests that Defendant's Motion be denied with prejudice.

**C. <u>Certain Issues are Unique to Consumers Energy's Case</u>.**

While certain issues are common to some SNF cases, the various claims brought by the plaintiffs and their required proofs vary widely. As noted in the Court's March 18, 2003 Order in this case, the Consumers Energy Complaint was filed well after the cases involved in the coordinated discovery proceeding, in some cases as long as five years later. It was also filed well before the 27 cases which had been stayed and have not yet begun discovery. This case is therefore at a significantly different stage of development than other SNF cases. Consumers Energy believes that consolidation would prejudice and delay its right to engage in full discovery related to its specific claims. Facts and issues which are unique to Consumers Energy's claims may not have been fully explored in the previous discovery proceedings or be involved in other pending cases. Consumers Energy will, therefore, be denied its right to adequately prepare for trial if this case is consolidated or otherwise bound by procedures in other SNF cases.

Even if consolidation of discovery were to occur, some aspects of Consumers Energy's claim would likely require individual treatment. Examples include the previously discussed two nuclear facilities, one of which is presently operational, and the other decommissioned and dismantled. Both facilities are covered under the same Standard Contract. The combination of an old fuel facility

undergoing decommissioning combined with a presently operational plant is factually distinguishable from most other SNF cases. Further, Consumers Energy sold these facilities to a third party in April, 2007, during this litigation, and in order to mitigate its damages, Consumers paid the purchaser to take title to the Big Rock SNF currently in dry storage. As a result, any general ruling in other cases regarding discovery practice will only invite further litigation to establish the need for additional or different discovery in this case.

This Court has already granted judgment as to liability in Consumers Energy's favor on its partial breach of contract count. Because liability has been established, the remaining case focuses on the unique elements of Consumers Energy's damages claim. There may be some discovery which overlaps to some degree with discovery taken in other cases. If so, the issue is more efficiently handled through stipulations as to the admissibility of the prior discovery in this case. Consolidation of discovery with other SNF plaintiffs will not facilitate any efficiencies or move this case toward trial more quickly.

As a result of the factual differences between Consumers Energy's case and other SNF cases, no other plaintiff can adequately represent Consumers Energy's position in discovery, nor would coordination assist in the administration of this case.

## D. **The Recent Federal Circuit Decisions Do Not Support Defendant's Request for Joint Discovery.**

Plaintiff agrees that the opinions recently issued by the United States Court of Appeals for the Federal Circuit[8] resolve some key important legal issues that may be applicable in several SNF

[8] *Yankee Atomic Electric Co. v. United States*, Nos. 07-5025, 5026, 5027, 5031, 5032, 5033 (Fed. Cir. Aug. 7, 2008); *Pacific Gas & Electric Co. v. United States*, No. 07-5046 (Fed. Cir. Aug. 7, 2008); and *Sacramento Municipal Utility District v. United States*, Case Nos. 07-5052, 5097 (Fed. Cir. Aug. 7, 2008).

cases. These holdings, however, can and should simply be applied in each SNF case as appropriate, and certainly do not suggest a need for coordination of all SNF cases. If anything, they suggest that no coordination is necessary given that they resolve some issues which obviate the need for discovery on those issues.

**E. <u>The Federal Circuit Opinions</u>.**

On August 7, 2008, the United States Court of Appeals for the Federal Circuit issued decisions in three cases, *Yankee Atomic Electric Co. v. United States*, Nos. 07-5025, 5026, 5027, 5031, 5032, 5033 (Fed. Cir. Aug. 7, 2008), *Pacific Gas & Electric Co. v. United States*, No. 07-5046 (Fed. Cir. Aug. 7, 2008), and *Sacramento Municipal Utility District v. United States*, Case Nos. 07-5052, 5097 (Fed. Cir. Aug. 7, 2008).

In *Yankee Atomic*, the court of appeals determined that GTCC is a form of high-level waste and will be disposed of with SNF under the Standard Contract. *Yankee Atomic*, August 7, 2008 Opinion, pp. 15-17. The court also ruled that the one-time fee <u>cannot</u> be applied as an offset to damages since in a partial breach case, the obligation to pay the fee is not yet due. *Yankee Atomic*, August 7, 2008 Opinion, at 19-21. The issue of the treatment of GTCC waste has been a subject of significant discovery in this case. The one-time fee was the subject of a prior motion in this case.

In *Pacific Gas & Electric* ("*PG&E*"), the court of appeals determined that the acceptance rate applicable to the Standard Contract was that contained in the 1987 ACR Documents. *PG&E*, August 7, 2008 Opinion, at 17. The 1987 ACR acceptance rate began with 1,200 Mtu in 1998, ramping to 2,000 Mtu by 2003 and 2,650 Mtu for 2004-2007. Presumably, once the *PG&E* decision is final, the 1987 ACR rate will apply to all SNF cases, and no further discovery will be required as to the rate of acceptance.

In *Sacramento Municipal Utility District* ("*SMUD*"), the court of appeals determined that the use of dual-purpose casks was foreseeable, and their cost is a proper element of damages. *SMUD*, August 7, 2008 Opinion, at 8. The court also determined that internal labor charges related to dry fuel storage are properly included in damages, and that storage costs for non-fuel components that are part of the assembly are properly included in damages. *SMUD*, August 7, 2008 Opinion, at 10, 13. The *SMUD* case also resolved other technical issues, all of which should have the effect of limiting the subjects of required discovery, rather than making discovery more burdensome.

These rulings are binding precedent and Consumers Energy asserts should be adopted and utilized by the trial court in this case. No coordination of cases is necessary to implement the precedential effect of these rulings, and if the *Yankee Atomic, PG&E* and *SMUD* cases are applied to the present case, no discovery will be needed at all with respect to the acceptance rate under the Standard Contract, the government's obligation to accept GTCC waste, or the other issues resolved in those cases. The discovery process would not be made more efficient by forcing all cases into the government's preferred schedule.

## IV. CONCLUSION

Defendant's requested relief will not lead to any more efficient administration of justice in this matter. For the foregoing reasons, Consumers Energy respectfully requests that this Court deny Defendant's Motion with prejudice.

Respectfully submitted,

s/ Thomas O. Mason

Thomas O. Mason
Williams, Mullen, Clark & Dobbins
8270 Greensboro Drive, Suite 700
McLean, VA 22102

(703) 760-5200 (telephone)
(703) 748-0244 (facsimile)

Jeffrey S. Theuer (P44161)
Loomis, Ewert, Parsley, Davis & Gotting, P.C.
124 West Allegan, Suite 700
Lansing, MI 48933
(517) 482-2400

Harvey J. Messing (P23309)
Miller, Canfield, Paddock & Stone, PLLC
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4963

Attorneys for Plaintiff

OF COUNSEL:

James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
1 Energy Plaza
212 West Michigan Avenue
Jackson, MI 49201

Dated: September 8, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 8th day of September, 2008, a copy of the foregoing "PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

__s/ Francis E. Purcell, Jr.________